IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONIS DENBY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv876 |
| WARDEN BOSCO, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

The Plaintiff Donis Denby, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. This Report concerns the Plaintiff's motions for injunctive relief.

**I. The Plaintiff's Claims**

Denby claims that he was sexually assaulted by a male officer named Hunt on July 28, 2015. Since that time, he asserts that he has been denied adequate medical care for the injuries he suffered. He has filed two motions for injunctive relief asking the Court to order that he be provided with proper medical care, as well as a motion for a ruling on his requests for injunctive relief.

Denby argues that he suffers from internal injuries and perianal venous thrombosis, not merely hemorrhoids, and that the treatment he has received has been "absolutely ineffective." He also complains that he suffered throat injuries in the alleged assault as well as an elbow fracture.

1

**II. The Report of the Magistrate Judge**

The Magistrate Judge issued a Report recommending that Denby's requests for injunctive relief be denied, stating that Denby offered only conclusory allegations that he faced a substantial threat of irreparable harm or that he had a substantial likelihood of prevailing on the merits. He pointed to no medical evidence of internal injuries nor any medical support for his claims of a throat injury or a fractured elbow. The Magistrate Judge stated that the Court cannot order the medical personnel to accept Denby's self-diagnosis of conditions, which lack support in the medical records, and that the federal courts are extremely reluctant to order professional medical personnel to provide a prisoner with a particular course of treatment.

The Magistrate Judge looked to a *Martinez* Report filed in the case, which included copies of Denby's medical records. These records show that Denby was examined by medical personnel on July 29, 2015. His blood pressure was elevated but the remainder of the examination was normal. He was transported to the Estelle Unit and seen by medical personnel on July 30, at which time he made no complaints about having been sexually assaulted. When he arrived at the Coffield Unit four days later, he again made no complaints about a sexual assault.

Since then, the medical records show that Denby has been seen and evaluated by medical personnel on numerous occasions. He has been diagnosed with hemorrhoids and high blood pressure but no internal injuries were found. X-rays of his elbow proved normal. He has been treated with hemorrhoidal cream, suppositories, Milk of Magnesia, and fiber supplements.

**III. Denby's Objections to the Report**

In his objections, Denby complains first that the Magistrate Judge "ignores the evidence that plaintiff submitted with his motions" (D.E.'s 30, 36, and 38) in the form of medical records, sick calls, and grievances, demonstrating that plaintiff was still being denied access to medical due to security failing to escort plaintiff to his medical appointments. Plaintiff further contends that "the court ignores clear and convincing evidence from the *Martinez* Report it cites, that

plaintiff without a doubt has been continuously denied access to medical for his serious medical condition, and that there was a clear pattern of denial still on-going."

The only evidence attached to docket no. 30 is an affidavit from Denby asserting that he is being denied medical care for a "serious undisputed injury to my rectum, throat, head, and right elbow." He attaches an affidavit to docket no. 36 stating that he was sexually assaulted on July 28, 2015, sustaining injuries to his rectum, neck, and head, but when he saw a medical provider named Assava, she told him that he was suffering from hemorrhoids and gave him a cream which did not help. He states that he has repeatedly told the defendants that the chosen course of treatment was not effective and on March 16, 2016, he was sent to the hospital in Galveston for examination including a colonoscopy and endoscopy. However, he was denied pain medications or any kind of medical treatment, and finally was returned to his unit of assignment without being seen at all. He attaches copies of sick call requests that he filed as well as a Step One grievance which was returned unprocessed as redundant. There was no evidence attached to plaintiff's motion for a ruling (docket no. 38).

Denby points to an entry by Nurse Practitioner Assava on December 3, 2015, stating "GI referral for hemorrhoids not responsive to formulary meds," and to an entry by Assava dated October 12, 2015, in which Denby complained of rectal bleeding since July 28, pain in the rectum, a sore throat, and right elbow pain. At that time, Assava diagnosed hemorrhoids, right elbow pain, and allergies and prescribed medication for him.

Denby goes on to state that on January 5, 2016, he was seen in the telemed clinic. A reference appears in the note to "Grade IV hemorrhoids are not improved with hemorrhoidal cream" but this appears to be a note of Denby's complaint rather than the result of an examination. The examining medical provider, physician's assistant Jerome Rourke, stated that he would schedule a colonoscopy and EGD (esophagogastroduodenoscopy, or upper endoscopy). Denby argues that he has met all of the factors necessary for injunctive relief and that the medical conditions of which he complains are not merely self-diagnoses but have been documented in the record.

3

## IV. Discussion

The prerequisites for a preliminary injunction are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the preliminary injunction will not dis-serve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Conclusory allegations are not sufficient to show entitlement to injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991).

Although Denby complains that he "has been continuously denied access to medical for his serious medical condition" and there is "a clear pattern of denial," the records show that in fact, he has seen medical personnel on numerous occasions and has received a substantial amount of treatment. He complains that this treatment has not been as effective as he would have liked, but this allegation does not show that Denby has a substantial likelihood of success on the merits of his claim because disagreement or dissatisfaction with the medical treatment provided does not show deliberate indifference to serious medical needs. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Nor has Denby shown a substantial threat of irreparable injury if the requested injunctive relief is not granted. He is receiving treatment for his diagnosed ailments and the Court cannot issue an order instructing professional medical personnel to alter their diagnoses to fit the conditions Denby believes he has. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (federal courts are "generally reluctant to second guess medical judgments;") *Parham v. Johnson*, 126 F.3d 454, 458 (3rd Cir. 1997) (federal courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment). Denby's disagreement or dissatisfaction with the treatment he has received does not

show a substantial threat of irreparable injury. While he asserts that all of his claimed conditions have been documented in the medical records, the Magistrate Judge correctly concluded that this was not the case.

Denby's objections also assert that granting his request for injunctive relief would not dis-serve the public interest because "it is clear that plaintiff is being denied adequate medical care to a serious and worsening medical condition and that he is being made to suffer wanton and unnecessary infliction of pain and suffering; it would not serve the public interest to allow this blatant and continuous denial of adequate medical care, public society and the courts have long opined that prison officials must provide medical care to an offender's medical condition."

As the Magistrate Judge properly determined, the public interest requires that only extraordinary circumstances could justify a federal court ordering professional medical personnel to provide a prisoner with a particular course of treatment. Denby has plainly failed to show such extraordinary circumstances; while he complains of a "blatant and continuous denial of adequate medical care," the medical records belie this contention. See *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Denby has not shown that his requested injunctive relief would not dis-serve the public interest. His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 44) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motions for injunctive relief (docket no.'s 30 and 36) are **DENIED**. Finally, it is

**ORDERED** that the Plaintiff's motion for a ruling on his motion for a temporary restraining order (docket no. 38) is **DENIED** as moot.

So **ORDERED** and **SIGNED** this **9** day of **January, 2017.**

_____

Ron Clark, United States District Judge