IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DONIS DENBY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv876 |
| WARDEN BOSCO, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Donis Denby, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Denby complained of a sexual assault which allegedly occurred on July 28, 2015, at John Sealy Hospital in Galveston. His claims concerning the alleged assault and the immediate aftermath have been transferred to the U.S. District Court for the Southern District of Texas.

The present lawsuit concerns Denby's claims that he was denied medical care at the Coffield Unit. The Magistrate Judge ordered prison officials to provide a *Martinez* Report consisting of relevant records concerning Denby's claims. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978); *Parker v. Carpenter*, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992).

The Magistrate Judge also observed that Denby had previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Accordingly, the Magistrate Judge determined that Denby is barred from proceeding

*in forma pauperis* except upon a showing that he was in imminent danger as of the time of the filing of the lawsuit. 28 U.S.C. §1915(g).

Although the records showed that Denby had missed some medical appointments and appeared to suffer from bouts of dizziness and bleeding hemorrhoids, the Magistrate Judge concluded that Denby failed to show that he was in imminent danger of serious physical injury as of the time he filed his lawsuit. Denby filed objections to the Magistrate Judge's Report, but these were overruled and the lawsuit was dismissed on May 12, 2017.

On May 22, 2017, Denby filed a motion to alter or amend the judgment presenting two arguments. He contended that he did not have three strikes, and that he adequately showed imminent danger.

**II. The Report of the Magistrate Judge**

In considering Denby's motion to alter or amend the judgment, the Magistrate Judge observed that Denby had filed three lawsuits which were dismissed as failure to state a claim - *Denby v. Trent, et al.*, civil action no. 7:11cv157 (N.D.Tex., dismissed March 9, 2015); *Denby v. Windham, et al.*, civil action no. 2:10cv70 (N.D.Tex., May 13, 2011); and *Denby v.Wages, et* al., civil action no. 2:13cv6 (N.D.Tex., August 29, 2013). Of these cases, *Denby v. Trent* was filed in the Wichita Falls division of the Northern District of Texas, and *Denby v. Wages* was severed out of that case and transferred to the Amarillo Division of the Northern District of Texas.

*Denby v. Wages* was dismissed for failure to state a claim on August 9, 2013, and *Denby v. Trent* was dismissed as frivolous on March 9, 2015. Both of these cases were counted as separate strikes. Although Denby argued that the Northern District incorrectly separated the cases, the Magistrate Judge observed that Denby did not file objections to the order of severance and transfer, nor did he appeal either case. The Magistrate Judge further stated that the severance and transfer created two separate and distinct lawsuits, which proceeded independently in different divisions of the Northern District of Texas. Hence, the Magistrate Judge concluded that the dismissals of the two cases properly counted as separate strikes for purposes of 28 U.S.C. §1915(g), *citing Bernier*

*v.Koenigsmann, et al.*, civil action no. 15-cv-209A, 2017 U.S. Dist LEXIS 21563, 2017 WL 603217 (W.D.N.Y., February 15, 2017), *Report adopted at* 2017 U.S. Dist. LEXIS 38019 (W.D.N.Y., March 16, 2017) (severed lawsuits count as separate strikes under §1915(g)); *United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983) (severed claims proceed as discrete and independent actions).

Denby asserted that he was in imminent danger of serious physical injury because he had suffered a concussion and was being denied treatment for this concussion. Although a TDCJ physician named Dr. Bowers stated in an affidavit that Denby had not suffered a concussion, Denby asserted that this was incorrect because he had been diagnosed with dizziness, blackouts, unequal pupils, nausea, blurred vision, headaches, fatigue, and other symptoms as a result of hitting a wall with his head. He also complained that he had been diagnosed with perianal venous thrombosis and that his complaint was not hemorrhoids but unchecked bleeding of the rectum. Denby contended that all of these conditions are life-threatening.

The Magistrate Judge stated that a thrombosis is a blood clot which forms in an external hemorrhoid, causing pain, itching, and skin irritation. The condition does not pose an imminent danger of serious physical injury. *Harris v. Nink*, 2:13cv304, 2013 U.S. Dist. LEXIS 126747, 2013 WL4777187 (S.D.Ohio, September 5, 2013); *Almond v. Glinski*, civil action no. 14-cv-1336, 2015 U.S. Dist. LEXIS 9301, 2015 WL 348615 (E.D.Wisc., January 26, 2005). Nor does Denby's opinion that he suffered a concussion and that he is not receiving the treatment he believes appropriate demonstrate imminent danger. The Magistrate Judge further stated that Denby's allegations of dizziness and blackouts did not demonstrate imminent danger. *Pettus v. Esgrow, et al.*, civil action no. 05-cv-6382, 2009 U.S. Dist. LEXIS 3068, 2009 WL116976 (W.D.N.Y., January 16, 2009). The Magistrate Judge therefore recommended that Denby's motion to alter or amend the judgment be denied.

### III. Denby's Objections and Discussion

Denby asserts first that the Magistrate Judge improperly cited *Bernier v. Koenigsmann* because it is not a Fifth Circuit case and he believes that it is contrary to the statutory intent of

3

§1915(g). Instead, he states that *Harris v. Garner*, 216 F.3d 970, 973 (11th Cir. 2000) and *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) set the standard for the statutory intent of §1915(g).

*Harris* does not refer to §1915(g) but instead construes 42 U.S.C. §1997e, which states that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. The question before the Eleventh Circuit concerned whether §1997e continued to apply to lawsuits filed by prisoners who were later released.

In answering that question, the Eleventh Circuit cited *Hoffman* in determining that the verb "brought" meant to commence or start a lawsuit, rather than to maintain or continue it to conclusion. Thus, the court stated that "we granted rehearing *en banc* in this case to decide whether the provision applies to lawsuits that are filed while the plaintiff is a confined prisoner but which were not decided until after he is released from confinement. We hold it does." *Harris*, 216 F.3d at 971.

Denby has not been released from confinement, but if he had been, *Harris* would stand for the proposition that §1915(g), like §1997e, continues to apply to his lawsuit despite his release. The case contains nothing to suggest that a lawsuit which is severed from another into a separate case, which proceeds independently in another division of the court, does not count as a separate strike. Denby's objection on this point is without merit.

With regard to imminent danger, Denby asserts that he has never claimed that he suffered from hemorrhoids, but instead asserted that he had unchecked bleeding, swelling, and infection of the rectum which the defendants attributed to hemorrhoids. He also contends that the failure to provide him with any treatment prior to September 22, 2015 caused his medical condition to deteriorate which also subjected him to imminent danger.

Denby cites *Voth v. Lytle*, 2005 WL 3358909 (D. Ore., December 8, 2005), in which the district court held that the plaintiff's claim of suffering severe pain and rectal bleeding for over four months sufficiently alleged imminent danger. In that case, however, the plaintiff's condition,

identified as a rectal prolapse, was severe enough that three physicians had recommended surgery to correct it, but the prison officials were denying this surgery.[1] Thus, the plaintiff in that case had independent medical evidence, in the form of these physicians' recommendations, to support his claim of imminent danger. Denby, by contrast, offers nothing to suggest that any physicians have recommended surgery for his condition, nor any other medical evidence demonstrating imminent danger.

Although Denby asserts that the Court should look only to his pleadings, the Fifth Circuit has held that medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Likewise, such records may rebut claims of imminent danger. *Patterson v. Dretke*, civil action no. 2:04cv0132, 2004 WL 1205126 (N.D.Tex., June 2, 2004); *Taylor v. Green*, civil action no. 6:08cv459, 2009 U.S. Dist. LEXIS 39996, 2009 WL 1350807 (E.D.Tex., May 12, 2009) (approving the use of *Martinez* Reports in determining claims of imminent danger). This comports with the longstanding rule that conclusory allegations of imminent danger are not sufficient to invoke the exception to §1915(g). *Hyder v. Obama,* civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300, 2011 WL 1113496 (E.D.Tex., March 11, 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 31288 (E.D.Tex., March 24, 2011); *Valdez v. Bush,* civil action no. 3:08cvl481, 2008 U.S. Dist. LEXIS 86124 (S.D.Tex., October 24, 2008). Denby has not shown any valid basis upon which to alter or amend the judgment and his Fed. R. Civ. P. 59(e) motion is without merit.

**IV. Denby's Other Motions**

Denby has also filed a notice of appeal of the final judgment in this case and a motion asking that the court certify his appeal as being taken in good or bad faith, along with a motion for leave

---

[1] A rectal prolapse occurs when part or all of the wall of the rectum slides out of place, sometimes protruding from the anus. *See* http://www.webmd.com/digestive-disorders/tc/ rectal-prolapse-topic-overview#1.

to proceed *in forma pauperis* on appeal. Because Denby is barred by the three-strike provision of §1915(g) and has not shown that he is in imminent danger as of the time he filed his notice of appeal, he is not entitled to proceed *in forma pauperis* on appeal. Nor has Denby shown that his appeal was taken in good faith because he has not demonstrated that his appeal presents a non-frivolous issue.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 70) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion to alter or amend the judgment (docket no. 65) is **DENIED.** Fed. R. Civ. P. 59(e). It is further

**ORDERED** that the Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (docket no. 67) is **DENIED** because the Plaintiff has three strikes under 28 U.S.C. §1915(g).

For the reasons stated in the Memorandum Opinion (docket no. 62) and the Report of the Magistrate Judge (docket no. 56), the Court certifies that the Appellant's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (to comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims). Because Denby cannot proceed *in forma pauperis*, he cannot be assessed an initial partial appellate filing fee in accordance with *Baugh*. It is further

**ORDERED** that the Plaintiff's motion requesting certification of his appeal (docket no. 73) is **DENIED** as moot.

So **ORDERED** and **SIGNED** this **8** day of **August, 2017.**

_____
Ron Clark, United States District Judge